**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: 22-52479 |
|    CIV, LLC, | : | Chapter 11, Subchapter V |
| | : | |
|           Debtor. | : | Judge John E. Hoffman, Jr. |

**APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON LLP**
**AS BANKRUPTCY COUNSEL TO THE DEBTOR**

CIV, LLC, the debtor and debtor in possession (the "Debtor"), applies to the Court for an order authorizing, as of the date this application was filed, the employment of Allen Stovall Neuman & Ashton LLP ("ASNA") as attorneys for the Debtor pursuant to 11 U.S.C. § 327, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Ohio. In support of this Application, the Debtor submits the affidavit of James A. Coutinho of ASNA, which is attached as Exhibit A (the "Affidavit"). A proposed order granting this Application is attached hereto as Exhibit B.

In support of this application, the Debtor respectfully represents as follows:

**I.**     **JURISDICTION AND BACKGROUND INFORMATION**

1.     This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.     Venue is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

3.     The Debtor is an Ohio limited liability company owned and operated by Clarence Clay. The Debtor provides vehicle hauling services on a regional and local basis. The Debtor operates primarily within a 12-hour drive of Columbus, Ohio transporting both new and used

vehicles to and from manufacturers, dealers, auction houses, and consumers.

4. The Debtor has experienced financial hardship due to multiple factors, including the recent doubling of the price of diesel; maintenance and upkeep problems caused COVID-19 labor and supply shortages; and the doubling of insurance rates. The Debtor seeks to restructure through the filing of this chapter 11 proceeding and intends to submit a plan of reorganization.

5. In conjunction with the filing of this case, the Debtor filed the *Declaration of Clarence Clay* (Doc. 7) which provides additional detail about the background of the Debtor and the matters that have led to the filing of this case. Reference is made to the declaration, which is incorporated herein.

## II. STANDARD FOR RETENTION

6. The standards for the retention of a professional are set forth in 11 U.S.C. §327(a), Fed.R.Bankr.P. 2014, and LBR 2014-1. To retain a professional, the Debtor must show:

    a. that the professional does not hold or represent an interest adverse to the estate 11 U.S.C. 327(a), except that under 11 U.S.C. § 1195, in a subchapter V case, the professional is not disqualified for holding a claim for fees up to $10,000.00 against the debtor;

    b. that, as defined by 11 U.S.C. §101(14), the professional is a "disinterested person", *Id.*;

    c. that the employment is necessary and the reasons for selecting the professional, Fed.R.Bankr.P. 2014(a);

    d. the professional services to be rendered, *Id.*;

    e. the proposed arrangement for compensation of the professional, *Id.*;

    f. any connections of the professional to the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, *Id.*;

    g. the professional's customary and proposed hourly rates, LBR 2014-1(b)(1);

    h. the amount, date paid, and source of any fees paid to the professional from a

    period of one (1) year prior to the filing of the petition through the time of the application, LBR 2014-1(b)(2); and

   i. the amount, date paid, and source of any retainer sought or received by the professional within such period, LBR 2014-1(b)(3).

7. In addition to the required contents of the application, the application must also be accompanied by a verified statement from the professional:

   a. setting forth the professional's connections with the debtor, equity security holders of the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, Fed R.Bankr.P. 2014(a);

   b. establishing the lack of any adverse interest to the estate; and

   c. establishing that the proposed employment is not prohibited by or improper under Fed.R.Bankr.P. 5002.

### III. RETENTION AND EMPLOYMENT OF ASNA

8. Through this Application and pursuant to 11 U.S.C. 327(a), the Debtor seeks to employ and retain ASNA to serve as the Debtor's bankruptcy counsel in all phases of this chapter 11 case, except those instances as may be reserved specifically for special counsel, if any.

9. The Debtor selected ASNA as counsel because of the extensive and diverse experience, knowledge, and reputation of its attorneys in the area of business reorganizations under chapter 11 of the Bankruptcy Code and in other areas of law related to this chapter 11 case. ASNA is well suited for the type of representation required by Debtor, particularly since the attorneys of ASNA possess substantial bankruptcy, debt restructuring, creditors' rights, transactional, and finance and litigation experience. Accordingly, the Debtor believes that ASNA is well-qualified and able to represent it in this case in a most efficient and responsive matter. ASNA has indicated a willingness to act as attorneys on Debtor's behalf.

10. The professional services to be rendered by ASNA include the following:

3

    a. advising the Debtor of its rights, powers and duties as a debtor in possession in the continued operation of business;

    b. advising and assisting the Debtor in preparing all necessary applications, motions, answers, orders, reports, schedules and other legal documents required in connection with the administration of this chapter 11 case;

    c. reviewing all financial and other reports to be filed with the Court and/or the United States Trustee in this chapter 11 case;

    d. advising the Debtor concerning, and assisting in the negotiation and documentation of, the refinancing or sale of its assets; debt and lease restructuring; executory contract and unexpired lease assumptions, assignments or rejections; and related transactions;

    e. counseling and representing the Debtor regarding actions it might take to collect and recover property for the benefit of the estate;

    f. reviewing the nature and validity of liens asserted against the Debtor's property and advising Debtor concerning the enforceability of such liens;

    g. assisting the Debtor in formulating, negotiating and obtaining confirmation of a plan of reorganization and preparing other related documents; and

    h. performing other legal services for and on behalf of the Debtor as may be necessary or appropriate in the administration of business and this chapter 11 case.

11. It is necessary and essential that Debtor, as debtor in possession, employ and retain ASNA to render the foregoing professional services.

12. All attorneys who will appear in this case are duly admitted to practice before the United States District Court and Bankruptcy Court for the Southern District of Ohio and are willing and able to serve as counsel for Debtor.

13. To the best of Debtor's knowledge, information and belief, ASNA does not represent any other entity involved in this case as set forth in the Affidavit.

14. ASNA does not hold or represent any interest adverse to the estate as required by 11 U.S.C. §327(a) except for the claim that ASNA has for fees as set forth below, which is

permissible un this subchapter V case under 11 U.S.C. § 1195. ASNA is a disinterested person as required by 11 U.S.C. 327(a) (as qualified by 11 U.S.C. § 1195) and as defined in 11 U.S.C. 101(14). ASNA is neither related to nor connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. ASNA is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

15. The employment of ASNA is proper under and satisfies the provisions of Bankruptcy Rule 5002.

16. Other than as set forth herein, to the best of Debtor's knowledge, information and belief, and except as otherwise disclosed in the Affidavit, ASNA has no connection, past or present, with the Debtor, any general or limited partner therein, or any director, member, or trustee of any such general or limited partner, or any other party-in-interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than attorney James A. Coutinho is a member of the independent panel of chapter 7 trustees and a subchapter V trustee appointed and overseen by the United States Trustee.

17. The Debtor requests that the employment and retention of ASNA be effective as of the date of this application.

**V. PROPOSED COMPENSATION OF ASNA**

    **A. Hourly Rates**

18. Subject to this Court's approval, ASNA will charge the Debtor for their its services on an hourly basis at its ordinary and customary hourly rates for cases of this nature as in effect on the date such services are rendered. The following attorneys and paralegals with ASNA will render services in this case and the customary and proposed hourly rates of compensation are:

5

| Attorney Name | Title | Standard Rate |
|---|---|---|
| Thomas R. Allen | Partner | $495/hr |
| Richard K. Stovall | Partner | $425/hr |
| James A. Coutinho | Partner | $375/hr |
| Tom Shafirstein | Associate | $285/hr |
| Luke A. Shaffer | Associate | $240/hr |

These rates are reviewed and adjusted on an annual basis.

B.     **Reimbursement of Expenses**

19.     The Debtor further understands that ASNA will bill its customary reimbursements as charged generally to bankruptcy and non-bankruptcy clients alike, and in accordance with applicable guidelines. ASNA is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in any given manner. Such expenses include, without limitation, travel costs, express mail, special or hand deliveries, copying costs, computer legal research, court fees, filing fees, transcript costs and, in general, all identifiable expenses that would not have been incurred but for representation of a particular client.

C.     **Retainer and Prior Application of Retainer**

20.     ASNA's representation of Debtor began on July 12, 2022. Since that date ASNA has received the following payments, including retainers, from the Debtor as payments for services rendered and reimbursement of expenses:

| Date | Retainer | Payments | Description |
|---|---|---|---|
| July 15, 2022 | $3,500.00 | | Deposit for Retainer |
| July 26, 2022 | $3,500.00 | | Deposit for Retainer |
| August 2, 2022 | $3,500.00 | | Deposit for Retainer |
| August 8, 2022 | $3,500.00 | | Deposit for Retainer |
| August 25, 2022 | | $5,800.00 | Payment for pre-petition services from Retainer |
| **TOTAL** | **$14,000.00 ($8,200.00 remaining)** | **$5,800.00** | |

21.     Other than those payments set forth above, no other fees or expenses have been

6

paid by the Debtor to ASNA from a period of one (1) year prior to the filing of this case through the date of this Application.

### C. Monthly Compensation

22. ASNA intends to apply to this Court for allowances of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Guidelines for Compensation and Expense Reimbursement of Professionals issued by this Court. However, Debtor requests that ASNA be permitted to be paid eighty-five percent (85%) of its fees and services and one hundred percent (100%) of its reimbursable expenses on a monthly basis upon submission by ASNA to Debtor of an itemized statement detailing the services performed and expenses incurred in connection with its representation of the Debtor. ASNA will file a summary of such statement with the Court and will serve a copy upon the United States Trustee and the subchapter V trustee. All monthly payments received by ASNA will remain subject to final approval by the Court upon the filing of ASNA's interim and final fee applications in accordance with the Bankruptcy Code.

## VI. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests the Court enter an order authorizing the Debtor to employ ASNA to represent it in this case, effective as of the date of this application, upon the terms and conditions set forth herein, and granting such other and further relief as is appropriate.

                                                  Respectfully submitted,

                                                  /s/ Clarence Clay
                                                  Clarence Clay
                                                  Sole Member, CIV LLC

 /s/  James A. Coutinho
Richard K. Stovall     (0029978)
James A. Coutinho    (0082430)
Luke A. Shaffer      (0100054)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500    F: (614) 221-5988
stovall@ASNAlaw.com; coutinho@ASNAlaw.com
shaffer@ASNAlaw.com
*Proposed Counsel for Debtor/Debtor in Possession*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: |
|    CIV, LLC, | : | Chapter 11, Subchapter V |
| | : | |
|    Debtor. | : | Judge |

**AFFIDAVIT OF JAMES A. COUTINHO IN SUPPORT OF
APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON LLP AS
BANKRUPTCY COUNSEL TO THE DEBTOR**

STATE OF OHIO            }
COUNTY OF FRANKLIN  } SS:

I, James A. Coutinho, being first duly sworn, state:

1. I make this affidavit in support of the *Application to Employ Allen Stovall Neuman & Ashton LLP as Bankruptcy Counsel to the Debtor* (the "Application").

2. I am a partner at the law firm of Allen Stovall Neuman & Ashton ("ASNA"), the law firm named in the Application. I am authorized to make this affidavit on behalf of ASNA. I have personal knowledge of the matters set forth herein.

3. CIV, LLC, the debtor and debtor in possession (the "Debtor"), desires to engage ASNA as its bankruptcy counsel to represent it in this proceeding pursuant to 11 U.S.C. § 327(a).

4. I am an attorney licensed and in good standing to practice in the State of Ohio and am admitted to practice in the United States District Court, Southern District of Ohio. All attorneys at ASNA are in good standing with the appropriate court admissions.

5. The representations in the Application are true to the best of my knowledge.

6. In connection with its proposed retention by Debtor in this case, ASNA researched its client and conflict database to determine whether it had any relationships with the Debtor, its unsecured creditors, its member, and its lien claimants. The research conducted by ASNA indicates

that it has not represented any of those parties.

7. Neither I nor ASNA have any past or present relationship to the Debtor, the member of the Debtor, nor any creditors of the Debtor. Further, neither I nor ASNA have any connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, other than that I am a member of the independent panel of chapter 7 trustees and a subchapter V trustee appointed and overseen by the United States Trustee.

8. ASNA and I are disinterested persons as required by 11 U.S.C. § 327 and as defined in 11 U.S.C. § 101(14), except that ASNA has unpaid fees that are within the limits set forth in 11 U.S.C. 1195. None of the attorneys at ASNA are either related to or connected with a judge of the Bankruptcy Court for the Southern District of Ohio or the District Court for the Southern District of Ohio. ASNA is not affiliated with any officer or employee of the judicial branch of the United States or the United States Department of Justice.

9. The employment of ASNA and me is not prohibited by or improper under Fed.R.Bankr.P. 5002.

10. No understanding or agreement exists for a division of fees or compensation between me, the firm of ASNA or any other person or entity except for such division of compensation as exists among partners of ASNA.

11. I declare under penalty of perjury that the foregoing is true and correct.

    /s/ James A. Coutinho
James A. Coutinho

Sworn to before me and subscribed in my presence on August 26, 2022.

(Original Notary Stamp in Possession of Filer)
Notary Public

# EXHIBIT B
# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No: |
| CIV, LLC, | : | Chapter 11, Subchapter V |
| | : | |
| Debtor. | : | Judge |

## ORDER GRANTING APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON LLP AS BANKRUPTCY COUNSEL TO THE DEBTOR (DOC. ___)

This matter is before the Court upon the *Application to Employ Allen Stovall Neuman & Ashton LLP as Bankruptcy Counsel to the Debtor* (the "Application") (Doc. ___). Through the Application, CIV, LLC, the debtor and debtor in possession (the "Debtor"), seeks to employ the law firm of Allen Stovall Neuman & Ashton LLP ("ASNA") as bankruptcy counsel to the Debtor.

The Application was served on the Debtor, the Office of the United States Trustee, the subchapter V trustee, the twenty largest unsecured creditors, all secured lienholders, and those other parties requesting notice. The time for filing an objection to the Application has lapsed and no objection was filed.

# EXHIBIT B
# PROPOSED ORDER

Based upon the matters contained in the Application, and the Affidavit of James A. Coutinho attached to the Application, proper service of the Application having been completed and no objections to the Application having been filed, the Court finds that the employment of ASNA as bankruptcy counsel to the Debtor should be, and it hereby is, approved.

It is therefore ORDERED as follows:

1. The employment of ASNA as counsel to the Debtor is approved effective as of date the Application was filed, on the terms and conditions set forth in the Application.

2. ASNA is permitted to be paid from the Debtor eighty-five percent (85%) of its fees and services and one hundred percent (100%) of its reimbursable expenses on a monthly basis upon submission by ASNA to Debtor of an itemized statement detailing the services performed and expenses incurred in connection with its representation of Debtor. ASNA will file a summary of such statement with the Court and will serve a copy upon the United States Trustee and the subchapter V trustee. All monthly payments received by ASNA will be subject to repayment and to final approval by the Court upon the filing of ASNA's interim and final fee applications.

SO ORDERED.

SUBMITTED BY:

/s/ James A. Coutinho
Richard K. Stovall　　(0029978)
James A. Coutinho　　(0082430)
Luke A. Shaffer　　　(0100054)
Allen Stovall Neuman & Ashton LLP
10 West Broad Street, Suite 2400
Columbus, Ohio 43215
T: (614) 221-8500　　F: (614) 221-5988
stovall@ASNAlaw.com; coutinho@ASNAlaw.com
shaffer@ASNAlaw.com
*Proposed Counsel for Debtor/Debtor in Possession*

Copies to Default List plus Top 20.

## NOTICE OF APPLICATION TO EMPLOY ALLEN STOVALL NEUMAN & ASHTON LLP AS BANKRUPTCY COUNSEL TO THE DEBTOR AND CERTIFICATE OF SERVICE

The Debtor has filed an application seeking to employ the law firm of Allen Stovall Neuman & Ashton LLP as attorneys for the Debtor.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the Application, **then on or before twenty-one (21) days from the date set forth in the certificate of service for the Application**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, United States Bankruptcy Court, 170 North High Street, Columbus, Ohio 43215, OR your attorney must file a response using the court's ECF system.

The court must **receive** your response on or before the date set forth above.

You must also send a copy of your response either by 1) the court's ECF System, or by 2) regular U.S. Mail to:

| | |
|---|---|
| United States Trustee | James A. Coutinho, Esq. |
| 170 North High Street, Suite 200 | Allen Stovall Neuman & Ashton, LLP |
| Columbus, Ohio 43215 | 10 West Broad Street, Suite 2400 |
| | Columbus, Ohio 43215 |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief without further notice or hearing.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Application to Employ Allen Stovall Neuman & Ashton LLP as Bankruptcy Counsel to the Debtor* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on August 26, 2022, addressed to:

      See attached mailing matrix containing the Debtor, the Office of the United States Trustee, the twenty largest unsecured creditors, all parties with a security interest, and all notice parties.

      /s/ James A. Coutinho
      James A. Coutinho    (0082430)

Progressive Insurance
6300 Wilson Mills Rd.
Mayfield Village, OH 44143

AtoB, Inc.
Four Embarcadero Center, Ste. 1400
San Francisco, CA 94129

Verizon
500 Technology Drive, Suite 550
Saint Charles, MO 63304

American Electric Power
700 Morrison Rd.
Gahanna, OH 43230

Columbia Gas of Ohio
290 W. Nationwide Blvd.
Columbus, OH 43215

United States Trustee
170 N. High Street
Columbus, OH 43215

Ally Financial
500 Woodward Ave.
Detroit, MI 48226

Amur Equipment Finance, Inc.
304 W. 3rd St.
Grand Island, NE 68801

Blue Bridge Financial, LLC
Two Fountain Square
11921 Freedom Dr., Ste. 1130
Reston, VA 20190

Equify Financial, LLC
777 Main St., Ste. 3900
Fort Worth, TX 76102

Ford Motor Credit
One American Road
Dearborn, MI 48126

Forward Financing, Inc.
53 State St., 20th Fl.
Boston, MA 02109

Funding Metrics, LLC
Dba Lendini
3220 Willman Dr., Ste. 200
Bensalem, PA 19020

Headway Capital, LLC
175 W. Jackson Blvd. Ste. 1000
Chicago, IL 60604

Idea 247, Inc.
Dba Idea Financial
200 SE 1st St., #200
Miami, FL 33131

JPMorgan Chase Bank
1111 Polaris Parkway
Wilmington, DE 19850-5123

Legend Advance Funding II, LLC
800 Brickell Ave., Ste. 1502
Miami, FL 33131

Loan Builder/PayPal Service Loan
c/o Swift Financial LLC
3505 Silversider Rd.
Wilmington, DE 19810

Loves Fleet
10601 N. Pennsylvania.
Oklahoma City, OH 73120

Mulligan Funding, LLC
4715 Viewridge Ave.
San Diego, CA 92123

Smal Business Administration
409 Third St. W.
Washington, DC 20024

US Bank Equipment Finance
1310 Madrid St., Suite 106
Marshall MN 56258

US Bank National Association
425 Walnut Street
Cincinnati, OH 45202

Wex Bank
Attn: Ron Gearheart
1 Hancock Street
Portland, ME 04101